**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern_____ District of _New York_____
                                              (State)

Case number (*If known*):_____ Chapter __11___

❑ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| **1. Debtor's name** | **Azul S.A.** |
| **2. All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | **None** |
| **3. Debtor's federal Employer Identification Number** (EIN) | __N/A__ |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **No. 939, Avenida Marcos Penteado de Ulhôa Rodrigues** | |
| Number      Street | Number      Street |
| **8th floor, Edifício Jatobá, Condomínio Castelo Branco Office Park, Bairro Tamboré** | P.O. Box |
| **Barueri, São Paulo 06460-040 Brazil** | |
| City      State      ZIP Code | City      State      ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| County | Number Street |
| | City      State      ZIP Code |

**5. Debtor's website** (URL)    **https://www.voeazul.com.br**

Debtor   Azul S.A.                                     Case Number *(if known)* _____

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**4811**

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                                          MM / DD / YYYY

       District _____ When _____ Case number _____
                                          MM / DD / YYYY

---

Debtor    <u>Azul S.A.</u>                                    Case Number *(if known)* _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor  <u>**See Schedule 1**</u>                Relationship  <u>**Affiliates**</u>

District <u>**Southern District of NY**</u>                When    <u>Date hereof</u>
                                                                            MM  /  DD  / YYYY

Case number, if known    _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                      Number        Street

_____

_____
City                                                                State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

<span style="background:black;color:white"> </span>   **Statistical and administrative information**

---

**13. Debtor's estimation of available funds (Consolidated)**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (Consolidated)**

☐ 1-49                    ☒ 1,000-5,000              ☐ 25,001-50,000
☐ 50-99                   ☐ 5,001-10,000             ☐ 50,001-100,000
☐ 100-199                 ☐ 10,001-25,000            ☐ More than 100,000
☐ 200-999

☒ $100,001-$500,000

| Debtor | Azul S.A. | Case Number (if known) _____ |

---

| 15. **Estimated assets** **(Consolidated)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

---

| 16. **Estimated liabilities** **(Consolidated)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

---

| ■ | **Request for Relief, Declaration, and Signatures** |

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>I have been authorized to file this petition on behalf of the debtor.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |

Executed on  __5/28/2025__
           MM  / DD / YYYY

✗   /s/ Samuel Aguirre _____           **Samuel Aguirre** _____
Signature of authorized representative of debtor           Printed name

Title  **Chief Restructuring Officer** _____

---

| 18. **Signature of attorney** | ✗  /s/ Timothy Graulich _____           Date    5/28/2025 _____ |

Signature of attorney for debtor                                    MM / DD / YYYY

**Timothy Graulich** _____
Printed name
**Davis Polk & Wardwell LLP** _____
Firm name
**450 Lexington Avenue** _____
Number        Street
**New York, NY 10017** _____
City    State    ZIP Code

**(212) 450-4639** _____           timothy.graulich@davispolk.com _____
Contact phone                                    Email address

**2661445** _____           **NY** _____
Bar number                                    State

**Schedule 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of AZUL S.A.

- Azul S.A.
- Azul Linhas Aéreas Brasileiras S.A.
- IntelAzul S.A.
- ATS Viagens e Turismo Ltda.
- Azul Secured Finance II LLP
- Azul Secured Finance LLP
- Canela Investments LLC
- Azul Investments LLP
- Azul Finance LLC
- Azul Finance 2 LLC
- Blue Sabia LLC
- Azul SOL LLC
- Azul Saira LLC
- Azul Conecta Ltda
- Cruzeiro Participações S.A.
- ATSVP – Viagens Portugal, Unipessoal LDA
- Azul IP Cayman Holdco Ltd.
- Azul IP Cayman Ltd.
- Canela Turbo Three LLC
- Canela 336 LLC Chapter 11

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **AZUL S.A.**, *et al.*, | **Case No. 25-[●] ([●])** |
| Debtors.[1] | **(Joint Administration Requested)** |

## Attachment to Voluntary Petition for Non-Individuals Filing for <u>Bankruptcy under Chapter 11</u>

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is <u>  001-38049  </u> .

2. The following financial data is the latest available information and refers to the debtor's condition on <u>03/31/25          </u> .

    a. Total assets                  $ <u> $4,541,000,000          </u>

    b. Total debts (including debts listed in 2.c., below)    $ <u> $9,575,000,000          </u>

    c. Debt securities held by more than 500 holders

| | | | | Approximate number of holders:[2] |
|---|---|---|---|---|
| secured ☒ | unsecured ☐ | subordinated ☐ | Secured Bridge Notes | |
| secured ☒ | unsecured ☐ | subordinated ☐ | Superpriority Notes | |
| secured ☒ | unsecured ☐ | subordinated ☐ | First Lien 2028 Bonds | |
| secured ☒ | unsecured ☐ | subordinated ☐ | Second Lien 2029 Bonds | |
| secured ☒ | unsecured ☐ | subordinated ☐ | Second Lien 2030 Bonds | |
| secured ☒ | unsecured ☐ | subordinated ☐ | Second Lien Convertible Bonds | |
| secured ☐ | unsecured ☒ | subordinated ☐ | 2026 Bonds | |
| secured ☐ | unsecured ☒ | subordinated ☐ | 2028 Bonds | |
| secured ☐ | unsecured ☒ | subordinated ☐ | 2029 Bonds | |

---

[1] The debtors and debtors in possession in the chapter 11 cases, along with the last four digits of their respective tax, or employer identification, and Delaware file numbers (as applicable), are as follows: Azul S.A. (CNPJ: 5.994); Azul Linhas Aéreas Brasileiras S.A. (CNPJ: 6.295); IntelAzul S.A. (CNPJ: 8.624); ATS Viagens e Turismo Ltda. (CNPJ: 3.213); Azul Secured Finance II LLP (EIN: 2619); Azul Secured Finance LLP (EIN: 9978); Canela Investments LLC (EIN: 4987); Azul Investments LLP (EIN: 2977); Azul Finance LLC (EIN: 2283); Azul Finance 2 LLC (EIN: 4898); Blue Sabia LLC (EIN: 4187); Azul SOL LLC (EIN: 0525); Azul Saira LLC (EIN: 8801); Azul Conecta Ltda. (CNPJ: 3.318); Cruzeiro Participações S.A. (CNPJ: 7.497); ATSVP – Viagens Portugal, Unipessoal LDA. (NIF: 2968); Azul IP Cayman Holdco Ltd. (N/A); Azul IP Cayman Ltd. (N/A); Canela Turbo Three LLC (EIN: 4043); and Canela 336 LLC (Del. File No.: 6717). The Debtors' corporate headquarters is located at Avenida Marcos Penteado de Ulhôa Rodrigues, nº 939, 8º floor, Edifício Jatobá, Condomínio Castelo Branco Office Park, Tamboré, 06460-040, Barueri, São Paulo, Brazil.

[2] The Debtor does not know the precise number of holders for any debt securities issued by it or its subsidiaries.

secured ☐    unsecured ☒    subordinated ☐    2030 Bonds _____    _____

    d. Number of shares of preferred stock     896,039,753

    e. Number of shares common stock     2,128,965,121

    Comments, if any: _____

3. Brief description of debtor's business:  The debtor is a major air carrier that provides scheduled air transportation for passengers in Brazil and certain other jurisdictions.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: David Gary Neeleman, TRIP Participações S/A, TRIP Investimentos LTDA, Rio Novo Locações LTDA, José Mario Caprioli Dos Santos.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AZUL S.A., | Case No. 25-[●] ([●]) |
| Debtor. | (Joint Administration Requested) |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, and to enable the Judges to evaluate possible disqualification or recusal, attached hereto as **<u>Exhibit A</u>** is a corporate structure chart (the "**Corporate Structure Chart**") reflecting the ownership interests of Azul S.A. (the "**Debtor**") and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases. The Debtors respectfully represent, as of the date hereof, the following:

1. Each Debtor identified on the Corporate Structure Chart, other than Azul S.A., ATS Viagens e Turismo Ltda., Cruzeiro Participações S.A., Azul IP Cayman Holdco Ltd., and Azul IP Cayman Ltd. is owned in its entirety by its direct parent.

2. Azul S.A. is the ultimate parent of each of the Debtors. The following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the equity interest of Azul S.A.

| Shareholder | Approximate Percentage of Shares |
|---|---|
| TRIP Participações S/A | 33% |

## Exhibit A

**Corporate Structure Chart**

# Azul – Organizational Chart



**Key**

**Flags**
- 🇰🇾 Cayman Islands
- 🇧🇷 Brazil
- 🇺🇸 United States (DE)
- 🇵🇹 Portugal

**Shapes**
- ☐ Debtor
- ◯ Non-Debtor

**Lines**
- ⋯⋯ Pending Dissolution

**Azul S.A.**

99.99% — **Azul Linhas Aéreas Brasileiras S.A.**

**IntelAzul S.A.**

24.99%

99.99% — **ATS Viagens e Turismo Ltda.**

24.99% — **Azul Secured Finance II LLP**

**Azul Secured Finance LLP**

**Azul Investments LLP**

**Azul Finance LLC**

**Azul Finance 2 LLC**

**Blue Sabia LLC**

**Azul SOL LLC**

**Canela Investments LLC**

**Azul Saira LLC**

**Azul Conecta Ltda.**

99.99% — **Cruzeiro Participações S.A.**

24.99% — **ATSVP – Viagens Portugal, Unipessoal LDA.**

**Canela Turbo Three LLC**

**Canela 336 LLC**

**Azul IP Cayman Holdco Ltd.**

24.99%

99.99% — **Azul IP Cayman Ltd.**

**Azul Cargo IP Cayman Holdco Ltd.**

**Azul Cargo IP Cayman Ltd.**

Ownership is 100% unless stated



Docusign Envelope ID: CDF8D626-9DF6-4DEC-80EF-9B8D01A561F5

**AZUL S.A.**

Publicly held Company

CNPJ/MF No. 09.305.994/0001-29

NIRE 35.300.361.130

**MINUTES OF THE BOARD OF DIRECTORS' MEETING
HELD ON MAY 27, 2025**

1.    **Date, Time and Place:** The meeting was held on May 27, 2025, at 6:00 p.m., conducted entirely online, with all votes given electronically and subsequently filed at the headquarters of Azul S.A. (the "Company"), located in the City of Barueri, State of São Paulo, at Avenida Marcos Penteado de Ulhôa Rodrigues, No. 939, 8th floor, Edifício Jatobá, Condomínio Castelo Branco Office Park, Tamboré, ZIP Code 06460-040.

2.    **Call Notice and Attendance:** The meeting was called in accordance with Article 17 of the Company's Bylaws and was duly convened on first call. Members of the Board of Directors that attended the meeting: David Gary Neeleman, Sérgio Eraldo de Salles Pinto, Daniella Marques Consentino, José Mario Caprioli dos Santos, Gilberto de Almeida Peralta, Patrick Wayne Quayle, Renata Faber Rocha Ribeiro, James Jason Grant and Jonathan Seth Zinman. The attendance list of the meeting is an integral part of these minutes and is attached hereto as **Exhibit I**.

3.    **Chair:** David Gary Neeleman - Chairman; Edson Massuda Sugimoto - Secretary.

4.    **Agenda:** To discuss, examine and resolve the following matters:

(i)    Authorization for the Company to file voluntary petition for relief under the provisions of Chapter 11 ("Chapter 11 Proceeding") of the United States Bankruptcy Code ("Bankruptcy Code"), before the United States Bankruptcy Court – Southern District of New York, in the State of New York, United States of America ("Court"), in accordance with article 122, sole paragraph of Law 6,404/1976 ("Brazilian Corporation Law"), as well as any petitions, applications, requests, proposals, or documents that may be necessary or desirable under the laws applicable to the Chapter 11 Proceeding;

(ii)    Authorization for the Company to submit any petitions, requests, claims, proposals, or similar documents in Brazil, to give effect to (if necessary) and authorize the Chapter 11 Proceeding in Brazil, including, without limitation to the debtor-in-possession financing ("DIP

Financing") and the obtaining of appropriate judicial, extrajudicial, or administrative relief for the Company in connection with its restructuring;

**(iii)**    Ratification of the establishment of the Special Independent Committee, as well as the approval of its internal regulations and the election of its members;

**(iv)**    Authorization to enter into DIP Financing and into the Restructuring Support Agreements pursuant to the Bankruptcy Code and to take related actions;

**(v)**    Retention of advisors in connection with the restructuring proceedings;

**(vi)**    To instruct the Chief Executive Officer to appoint an attorney-in-fact of the Company by granting the appropriate powers for the execution of documents and the conduct of the necessary measures during the Chapter 11 Proceeding, pursuant to Article 25 of the Company's Bylaws;

**(vii)**    Calling of the Company's Extraordinary General Meeting ("Extraordinary General Meeting") to resolve on the ratification of the Company's petition for relief under Chapter 11; and

**(viii)**    Authorization for the Company's management to take all necessary actions to implement the resolutions described in items (i) to (vii) of the agenda.

5.    **Resolutions:**

**WHEREAS** the Company's Board of Directors monitors constantly the results of the Company, the market in which the Company operates, its short and long term liquidity needs, its debts, leverage and business perspectives,;

**WHEREAS** the Company's Board of Directors reviewed the materials presented by the financial, legal and other advisors retained by the Company, engaged in discussions with senior management and the Special Independent Committee, and had the opportunity to examine the Company's financial position, including its capital structure and leverage, liabilities and liquidity preservation, the strategic alternatives available, the impact of the foregoing on the Company's results and operations and the advisability of entering into restructuring arrangements focusing in the long term sustainability of its operations; and

2

***WHEREAS*** the Board of Directors has consulted with the Company's financial and legal advisors and, having considered the available strategic alternatives, has concluded that the adoption of the actions described below is advisable and in the best interest of the Company and its stakeholders in preserving and protecting its business;

***NOW THEREFORE***, pursuant to article 122, sole paragraph, of the Brazilian Corporation Law, upon consent of the Company's controlling shareholder, as evidenced by the instrument filed at the Company's headquarters, the Board of Directors' members, by unanimous vote, acting as a matter of urgency, and without any restrictions or reservations, approved the following matters:

**Items (i) and (ii) – Filing of Petition for Relief under Chapter 11; Recognition and Implementation of the Chapter 11 Proceeding in Brazil.**

**5.1.**     Upon obtaining the consent of the Company's controlling shareholder, pursuant to article 122, sole paragraph, of the Brazilian Corporation Law, as evidenced by the instrument filed at the Company's headquarters, the Board of Directors has resolved, as a matter of urgency, that it is deemed desirable, in the best interest of the Company, its respective creditors and other stakeholders, that the Company promptly file or cause to be filed **(a)** voluntary petition for relief under Chapter 11 before the Court, **(b)** any petitions, requests, claims, proposals, or similar documents that are necessary or desirable under law applicable to the Chapter 11 Proceeding; and/or **(c)** any petitions, requests, claims, proposals, or similar documents that are necessary or desirable to be filed in Brazil, so as to **(c.1)** obtain recognition of the Company's Chapter 11 Proceeding in Brazil, pursuant to Law 11,101/2005, if necessary; **(c.2)** implement the restructuring set forth in Chapter 11 Proceeding in Brazil, including, but not limited to, the DIP Financing (as described below); and **(c.3)** obtain appropriate judicial, extrajudicial, or administrative relief in Brazil.

**5.2.**     Approval for the Company's Executive Officers (*Diretoria*) and/or any person authorized thereby acting individually (the "<u>Authorized Persons</u>" or, individually, a "<u>Authorized Person</u>"), pursuant to Article 24 of the Company's Bylaws, to be, in accordance with this resolution, authorized and allowed to enter into and file, or cause to be entered into or filed, all petitions, exhibits, lists, requests, procedural instruments and any other necessary instruments or documents, including, but not limited to, any amendments to the aforementioned documents, and take any and all measure and perform any and all additional acts deemed necessary or appropriate to achieve such result, including, but not limited to, the negotiation of additional agreements, modifications, amendments, reports, documents, instruments, requests, notes or statements that may be required and/or the payment of all fees, taxes and other

Docusign Envelope ID: CDF8D626-9D56-4D5C-80BF-9B9D01A55457

expenses as any Authorized Person, at its sole discretion, may approve or deem necessary, appropriate or desirable for the performance and implementation of the transactions approved herein and any other related transactions.

**Item (iii) - Ratification of the Establishment of the Special Independent Committee.**

**5.3.**    In accordance with Article 18 of the Company's Bylaws, to ratify the establishment of the Special Independent Committee, occurred on May 2, 2025, that will act (and has been acting since May 2, 2025) as an advisory committee to the Company's Board of Directors, with powers and authority to evaluate, review, plan, supervise negotiations, and make recommendations to the Board of Directors regarding any matters arising from or related to  **(a)** the general conduct of the Company's Chapter 11 Proceeding, **(b)** the negotiation of the terms, structure and conditions of the Chapter 11 Proceeding, **(c)** any financing or equity investments in connection with the Chapter 11 Proceeding of the Company and/or its controlled entities, **(d)** whether the Chapter 11 Proceeding is fair to and in the best interests of the Company and its stakeholders, and to recommend its approval to the Board of Directors, and **(e)** the oversight and management of the Restructuring Representative (as defined below), as well as the Company's legal counsel and other advisors, in connection with the Chapter 11 proceeding, among others, as provided for in its internal regulations, which are hereby approved, as filed at the Company's headquarters ("Internal Regulations").

**5.4.**    To approve that the Officers, employees, and agents of the Company be directed to furnish to the Special Independent Committee all such information as the Special Independent Committee may request and to cooperate with the Special Independent Committee in all respects.

**5.5.**    Upon the establishment of the Special Independent Committee and as provided for in its Internal Regulations, to ratify the election of the following persons as members of the Special Independent Committee, whose respective terms of office have been filed at the Company's headquarters, and who have satisfied the independence criteria set forth in the Internal Regulations:

    **(a)**    **Jonathan Seth Zinman**, American citizen, businessman, holder of the Passport No. 549890846, with business address in the City of Barueri, State of São Paulo, at Avenida Marcos Penteado de Ulhôa Rodrigues, No. 939, 8*th* floor, Edifício Jatobá, Condomínio Castelo Branco Office Park, Tamboré, ZIP Code 06460-040, as Chairman of the Special Independent Committee;

**(b)**      **James Jason Grant**, American citizen, businessman, holder of the Passport No. 544372630, with business address in the City of Barueri, State of São Paulo, at Avenida Marcos Penteado de Ulhôa Rodrigues, No. 939, 8th floor, Edifício Jatobá, Condomínio Castelo Branco Office Park, Tamboré, ZIP Code 06460-040, as member of the Special Independent Committee; and

**(c)**      **Renata Faber Rocha Ribeiro,** Brazilian citizen, married, businesswoman, bearer of identity card RG No. 29.810.675-9 issued by SSP/SP, enrolled with the CPF/MF under No. 215.671.488-67, with business address in the City of Barueri, State of São Paulo, at Avenida Marcos Penteado de Ulhôa Rodrigues, No. 939, 8th floor, Edifício Jatobá, Condomínio Castelo Branco Office Park, Tamboré, ZIP Code 06460-040, as member of the Special Independent Committee.

**Item (iv) - Debtor-in-Possession Financing Agreement, Restructuring Support Agreements and Related Measures.**

**5.6.**      To the extent applicable to the Company, and based on the assumption that, in the judgment of the Board of Directors, the measure is to be implemented in the best interest of the Company, its shareholders, its creditors, and other stakeholders, to enter into, through the Authorized Persons, a DIP Financing among Azul Secured Finance LLP, in the capacity of debtor, the guarantors designated in such financing agreement (among them, the Company), the creditors or holders of debt instruments from time to time designated in such financing agreement ("DIP Creditors"), and the administrative agent, the collateral agent and/or trustee designated in such financing agreement (collectively, the "DIP Agent"), through the execution of a certain financing agreement and any related or ancillary instruments or documents (jointly, the "DIP Financing Agreement"), subject to provisional order and final approval by the Court (the "DIP Orders"), as submitted on behalf of the Company and/or its controlled entities.

**5.7.**      In order to use and obtain the benefits of the DIP Financing Agreement, the Company, through the Authorized Persons, will grant certain guarantees, security interests (*garantias reais*), charges and will provide adequate protection to the secured parties and to the DIP Creditors to secure the obligations undertaken by Azul Secured Finance LLP and by the respective guarantors in the DIP Financing Agreement (the "DIP Obligations").

**5.8.**      To approve that the Company, acting as guarantor under the DIP Financing Agreement, is authorized to be subject to the obligations for compliance with the adequate protection criteria and the DIP Obligations, pursuant to the Bankruptcy Code, and to undertake the obligations and carry out any

and all transactions related to or on terms similar to those contemplated in the DIP Financing Agreement, including, but not limited to, the granting of security interests over its assets to secure such obligations.

**5.9.**    To approve the form, terms and provisions of the DIP Financing Agreement, of the DIP Orders and of each of the instruments relating to the DIP Financing, including, but not limited to, the guarantees and any other contracts, documents, instruments, certificates, petitions, statements, requests and others related to the DIP Financing Agreement to which the Company is or will be a party (jointly with the DIP Financing Agreement and the DIP Orders, the "DIP Documents"), as authorized by the Authorized Persons that sign the DIP Documents. Furthermore, it is hereby approved that each of the Authorized Persons, acting individually or jointly with one or more Authorized Persons, as provided herein, is authorized, directed and vested with powers to execute and negotiate the DIP Documents or other instruments as may be reasonably requested by the DIP Agent or the DIP Creditors, in the name of the Company and/or its controlled entities.

**5.10.**    Approval enabling each Authorized Person to be authorized and vested with powers to, in the name of and for the account of the Company, file or authorize the DIP Agent to file, any financing statements of the U.S. Uniform Commercial Code ("UCC"), any other equivalent filings, any filings relating to intellectual property, any records or annotations, any assignments for the creation of security interests or other documents in the name of the Company or any of its controlled entities that the DIP Agent considers necessary or appropriate for the formalization of any security created in accordance with DIP Documents, including, but not limited to, any UCC financing statement containing a generic description of collateral, and to execute, deliver, register or authorize the registration of mortgages and fiduciary instruments in respect of the Company's fixed assets, in each case as the DIP Agent may reasonably request.

**5.11.**    Approval so that the Company, on its own behalf and on behalf of its controlled entities, be authorized to proceed, by means of the Authorized Persons, to celebrate on or more instruments in support of the restructuring (Restructuring Support Agreements) with its creditors, including, without limitation, the DIP Creditors, which shall set forth the terms and conditions of an general restructuring of the capital structure of the Company and its controlled entities to be implemented in the Chapter 11 Proceeding.

**Item (v) - Engagement of Advisors.**

**5.12.**    To ratify the authorization for the Company's Authorized Persons to retain advisors in connection with the Company's filing for the Chapter 11 Proceeding, and implementation of all acts

Docusign Envelope ID: CDF8D626-9DF5-4DEC-80EF-9BBD04A561E7

necessary for the restructuring under Chapter 11 Proceeding, including, but not limited to, **Davis Polk & Wardwell LLP** law firm as legal advisor for general matters under the US laws, to represent and act as council of the Company in the Chapter 11 Proceeding, for such Authorized Persons, on behalf of the Company, to enter into appropriate retainer agreements, to pay fees in line with market standards (including before and after the filing of the Chapter 11 Proceeding) and, where necessary, to cause requests to be executed and filed to the competent courts for the maintenance of the engagement of such advisors, all subject to Court's authorization.

**5.13.**    Without prejudice to the abovementioned resolution, to authorize the Authorized Persons of the Company to retain any other professionals, including, but not limited to, lawyers, accountants, tax advisors and notice and claims agents, who may be necessary to advise the Authorized Persons in order to enforce the obligations of the Company pursuant to the Bankruptcy Code and the resolutions provided for herein.

**Item (vi) – To instruct the Chief Executive Officer to appoint an attorney-in-fact of the Company by granting the appropriate powers for the execution of documents and the conduct of the necessary measures during the Chapter 11 Proceeding, pursuant to Article 25 of the Company's Bylaws.**

**5.14.**    Pursuant to Article 25 of the Company's Bylaws, to instruct the Chief Executive Officer of the Company to grant, on behalf of the Company, a power of attorney to Mr. **Samuel Aguirre**, Canadian, accountant, enrolled with the CPF/MF under No. 235.531.988-00, with business address in the City of São Paulo, State of São Paulo, at Avenida Presidente Juscelino Kubitschek, No. 1327, 3rd floor, Edifício International Plaza II, São Paulo, ZIP Code 04543-011, thereby granting him authority to sign and negotiate documents and perform other restructuring-related duties within the scope of the Company's and its controlled entities' Chapter 11 Proceeding, under the supervision of the Board of Directors and the Special Independent Committee (the "Restructuring Representative").

**5.15.**    For the purposes of the Chapter 11 Proceeding, and within the scope of the actions to be performed by the Restructuring Representative pursuant to the power of attorney to be granted to him, the Restructuring Representative shall be assigned the title of Chief Restructuring Officer, so that he may execute documents and acts on behalf of the Company under such title.

**Item (vii) – Calling of the Extraordinary General Meeting**.

**5.16.**    In accordance with Article 19,  V of the Bylaws, and article 122, sole paragraph of the Brazilian Corporation Law, the calling of the Extraordinary General Meeting of the Company, to ratify the Company's filing for the Chapter 11 Proceeding at the Court and the other applicable resolutions taken at this meeting by the Board of Directors, as applicable, as per the terms of the call notice and proposal of the senior management to be duly and timely published and/or disclosed by the Company.

**Item (viii) - Authorization to the Company's management to take all necessary actions to implement the resolutions described in the preceding items**.

**5.17.**    To the extent that the Company acts as shareholder or sole shareholder of any other subsidiary company ("Controlled Company"), each Authorized Person of the Company is hereby individually authorized, directed and vested with powers, in the name and on behalf of the Company, to take all actions in the name and on behalf of such Controlled Companies or related thereto, on the terms and for the purposes set forth in the resolutions approved herein.

**5.18.**    Authorization for the Company's Authorized Persons to have the appropriate powers to, on behalf of the Company:

**(a)**    implement and conduct the Chapter 11 Proceeding in a manner that, in its respective business judgment, is likely to maximize the recovery for the Company's stakeholders and minimize the obligations incurred by the Company;

**(b)**    cause the Company to enter into, deliver, certify, file, record and perform the obligations of the agreements, instruments, petitions, statements, requests for approval or decisions of governmental or regulatory authorities, certificates or other documents, and to take other actions as, in the judgment of such Authorized Person, are or become necessary, proper and desirable for the conduction and completion of the Chapter 11 Proceeding in a satisfactory manner, including, but not limited to, the implementation of the matters previously approved and the transactions contemplated by such matters; and

**(c)**    amend, supplement or otherwise modify, from time to time and as necessary in light of the restructuring, the terms of any documents, certificates, instruments, agreements or registrations arising from the matters approved herein.

8

**5.19.**    To ratify, in all respects, all acts, actions and transactions relating to the matters provided for in the aforementioned resolutions, carried out in the name of and/or on behalf of the Company and its controlled entities, provided that they are in conformity with the terms of the aforementioned approvals, if such acts were carried out prior to the present date.

**6.**    <u>**Closing of the Meeting; Drawing-up and Reading of the Minutes:**</u> There being nothing further to be transacted nor further comments to be made, the meeting was adjourned for as long as necessary to have these minutes drawn up and, upon reopening of the meeting, these minutes were read, found to be in order and signed by all the attendees. <u>Chair</u>: David Gary Neeleman - Chairman; Edson Massuda Sugimoto - Secretary. <u>Members of the Board of Directors that attended the meeting</u>: David Gary Neeleman, Sérgio Eraldo de Salles Pinto, Daniella Marques Consentino, José Mario Caprioli dos Santos, Gilberto de Almeida Peralta, Patrick Wayne Quayle, Renata Faber Rocha Ribeiro, James Jason Grant and Jonathan Seth Zinman.

Barueri, SP, May 27, 2025

Signed by:
*David Gary Neeleman*
E62249438750400...

Assinado por:
*Edson Massuda Sugimoto*
C0BBA91E25184A8...

David Gary Neeleman                                          Edson Massuda Sugimoto

Chairman                                                              Secretary

**AZUL S.A.**

Publicly held Company

CNPJ/MF No. 09.305.994/0001-29

NIRE 35.300.361.130

**EXHIBIT I TO THE MINUTES OF THE BOARD OF DIRECTORS' MEETING OF AZUL S.A. OF MAY 27, 2025**

**ATTENDANCE LIST OF THE MEMBERS OF THE BOARD OF DIRECTORS**

| MEMBER | SIGNATURE |
|---|---|
| David Gary Neeleman | *signed* |
| Sérgio Eraldo de Salles Pinto | *signed* |
| Gilberto de Almeida Peralta | *signed* |
| Daniella Marques Consentino | *signed* |
| Renata Faber Rocha Ribeiro | *signed* |
| Patrick Wayne Quayle | *signed* |
| José Mario Caprioli dos Santos | *signed* |
| James Jason Grant | *signed* |
| Jonathan Seth Zinman | *signed* |

**AZUL S.A.**

Companhia Aberta

CNPJ/MF nº 09.305.994/0001-29

NIRE 35.300.361.130

**ATA DE REUNIÃO DO CONSELHO DE ADMINISTRAÇÃO**
**REALIZADA EM 27 DE MAIO DE 2025**

**1.**     **Data, Hora e Local:** Em 27 de maio de 2025, às 18h00, de modo exclusivamente digital, com votos proferidos eletronicamente, os quais foram arquivados na sede da Azul S.A. ("Companhia"), localizada na Cidade de Barueri, Estado de São Paulo, na Avenida Marcos Penteado de Ulhôa Rodrigues, nº 939, 8º andar, Edifício Jatobá, Condomínio Castelo Branco Office Park, Tamboré, CEP 06460-040.

**2.**     **Convocação e Presença:** A reunião foi convocada nos termos do Artigo 17 do Estatuto Social da Companhia e devidamente instalada em primeira convocação. Membros do Conselho de Administração Presentes: David Gary Neeleman, Sérgio Eraldo de Salles Pinto, Daniella Marques Consentino, José Mario Caprioli dos Santos, Gilberto de Almeida Peralta, Patrick Wayne Quayle, Renata Faber Rocha Ribeiro, James Jason Grant e Jonathan Seth Zinman. A lista de presença da reunião integra a presente ata na forma de **Anexo I**.

**3.**     **Mesa:** David Gary Neeleman - Presidente; Edson Massuda Sugimoto - Secretário.

**4.**     **Ordem do dia:** Discutir, examinar e deliberar sobre as seguintes matérias:

**(i)**     Autorização para que a Companhia apresente pedido voluntário de submissão ao procedimento de que trata o *Chapter 11* ("Procedimento *Chapter 11*") do *United States Code* ("Bankruptcy Code"), perante o *United States Bankruptcy Court – Southern District of New York*, no Estado de Nova Iorque, Estados Unidos da América ("Tribunal"), em observância ao disposto no art. 122, parágrafo único, da Lei 6.404/76 ("Lei das S.A."), bem como quaisquer petições, solicitações, requerimentos, propostas ou documentos que sejam necessários ou desejáveis nos termos da legislação aplicável ao Procedimento *Chapter 11*;

**(ii)**        Autorização para a Companhia apresentar quaisquer petições, solicitações, requerimentos, propostas ou documentos semelhantes no Brasil, de modo a reconhecer (se necessário) e autorizar o Procedimento *Chapter 11* no Brasil, incluindo, mas não se limitando ao financiamento *debtor-in-possession* ("Financiamento DIP") e a obtenção da devida tutela judicial, extrajudicial ou administrativa adequada à Companhia para fins da reestruturação;

**(iii)** Ratificação da instalação do Comitê Independente Especial, bem como a aprovação do seu regimento interno e a eleição dos seus membros;

**(iv)** Autorização para a celebração de Financiamento DIP e dos *Restructuring Support Agreements* nos termos do *Bankruptcy Code* e medidas correlatas;

**(v)** Retenção de assessores em conexão com os procedimentos de reestruturação;

**(vi)** Instruir o Diretor Presidente a nomear procurador da Companhia mediante a outorga dos poderes apropriados para assinatura de documentos e condução das medidas necessárias durante o Procedimento *Chapter 11*, nos termos do Artigo 25 do Estatuto Social da Companhia.

**(vii)** Convocação da Assembleia Geral Extraordinária da Companhia ("Assembleia Geral") para deliberar acerca da ratificação do protocolo, pela Companhia, do Procedimento *Chapter 11*; e

**(viii)** Autorização à administração da Companhia para praticar todos os atos necessários à implementação das deliberações descritas nos itens (i) a (vii) da ordem do dia.

5. **Deliberações:**

*CONSIDERANDO* que o Conselho de Administração da Companhia monitora constantemente os resultados da Companhia, o mercado em que a Companhia atua, suas necessidades de liquidez de curto e longo prazo, suas dívidas e alavancagem e suas perspectivas de negócios;

*CONSIDERANDO* que o Conselho de Administração da Companhia revisou os materiais apresentados pelos assessores financeiros, jurídicos e outros consultores contratados pela Companhia, tendo se envolvido em discussões com a administração e com o Comitê Independente Especial, com a oportunidade de avaliar a situação financeira da Companhia, incluindo sua

Docusign Envelope ID: CDF8D626-9DF5-4DEC-80EF-9BBD01A581E7

estrutura de capital e alavancagem, passivos e preservação de liquidez, as alternativas estratégicas disponíveis, o impacto do acima exposto nos resultados e operações da Companhia e a conveniência de firmar acordos de reestruturação com foco na sustentabilidade de longo prazo de suas operações; e

**CONSIDERANDO** que o Conselho de Administração consultou os respectivos assessores financeiros e legais da Companhia e, tendo considerado as alternativas estratégicas disponíveis, concluiu que a adoção das ações descritas abaixo é aconselhável e está alinhada ao melhor interesse da Companhia e de seus *steakholders* para preservar e proteger seus negócios;

**ISSO POSTO**, nos termos do art. 122, parágrafo único, da Lei das S.A., mediante concordância do acionista controlador da Companhia, conforme instrumento arquivado na sede da Companhia, os membros do Conselho de Administração, por unanimidade de votos, em caráter de urgência, sem quaisquer ressalvas, restrições ou reservas, aprovaram as seguintes matérias:

**Itens (i) e (ii) – Ajuizamento de Pedido de Submissão ao Procedimento Chapter 11; Reconhecimento e Implementação do Procedimento Chapter 11 no Brasil.**

**5.1.**    Mediante anuência do acionista controlador da Companhia, nos termos do art. 122, parágrafo único da Lei das S.A., conforme instrumento arquivado na sede da Companhia, determinação, pelo Conselho de Administração, em caráter de urgência, de que é desejável, no melhor interesse da Companhia e de seus respectivos credores e outras partes interessadas, que a Companhia apresente ou faça com que sejam apresentados, tão logo possível, **(a)** pedido voluntário de submissão ao Procedimento *Chapter 11*, perante o Tribunal, **(b)** quaisquer petições, solicitações, requerimentos ou documentos semelhantes que sejam necessários ou desejáveis nos termos da legislação aplicável ao Procedimento *Chapter 11*; e/ou **(c)** quaisquer petições, solicitações, requerimentos, propostas ou documentos semelhantes que sejam necessários ou desejáveis no Brasil, de modo a **(c.1)** reconhecer o Procedimento *Chapter 11* da Companhia no Brasil, nos termos da Lei nº 11.101/2005, se necessário; **(c.2)** implementar a reestruturação prevista no Procedimento *Chapter 11* no Brasil, incluindo, mas não se limitando, o Financiamento DIP (conforme descrito abaixo); e **(c.3)** obter a devida tutela judicial, extrajudicial ou administrativa no Brasil.

**5.2.**     Aprovação para que a Diretoria da Companhia e/ou qualquer pessoa autorizada pela Diretoria, agindo isoladamente (as "<u>Pessoas Autorizadas</u>" ou, individualmente, uma "<u>Pessoa Autorizada</u>"), na forma do Artigo 24 do Estatuto Social da Companhia, estejam, nos termos desta deliberação, autorizados e habilitados a celebrar e protocolar, ou fazer com que sejam celebradas e protocoladas, todas as petições, anexos, listas, requerimentos, peças processuais e quaisquer outros instrumentos ou documentos necessários, incluindo quaisquer alterações aos documentos mencionados acima, e tomar toda e qualquer ação e realizar todo e qualquer ato adicional que considerem necessário ou adequado para obter tal resultado, incluindo a negociação de acordos adicionais, modificações, aditamentos, relatórios, documentos, instrumentos, solicitações, notas ou declarações que possam ser exigidos e/ou o pagamento de todas as taxas, impostos e outras despesas conforme qualquer Pessoa Autorizada, a seu exclusivo critério, possa aprovar ou considerar necessário, apropriado ou desejável para a realização e implementação das operações aqui aprovadas e de quaisquer outras correlatas.

**Item (iii) – Ratificação da Instalação do Comitê Independente Especial.**

**5.3.**     Em observância ao Artigo 18 do Estatuto Social da Companhia, ratificar a instalação do Comitê Independente Especial, ocorrida em 02 de maio de 2025, que atuará (e desde 02 de maio de 2025 vem atuando) como comitê de assessoramento ao Conselho de Administração da Companhia, com poderes e competência para avaliar, revisar, planejar, supervisionar negociações e dar recomendações ao Conselho de Administração com relação a quaisquer assuntos decorrentes ou relacionados **(a)** à condução geral do Procedimento *Chapter 11*, **(b)** à negociação dos termos, estrutura e condições do Procedimento *Chapter 11*, **(c)** a qualquer financiamento ou investimento societário (*equity*) relacionado ao Procedimento *Chapter 11* da Companhia e/ou de suas controladas, **(d)** à avaliação se o Procedimento *Chapter 11* é justo e atende aos melhores interesses da Companhia e de seus *stakeholders*, bem como recomendação de sua aprovação ao Conselho de Administração, **(e)** ao monitoramento e gerência do Representante de Reestruturação (conforme definido abaixo), bem como dos assessores jurídicos e outros consultores da Companhia, no contexto do Procedimento *Chapter 11*, dentre outros, conforme previsto em seu regimento interno, que fica ora aprovado, conforme arquivado na sede da Companhia ("<u>Regimento Interno</u>").

**5.4.**     Aprovar que os Diretores, empregados e representantes da Companhia estejam instruídos a fornecer ao Comitê Independente Especial todas as informações que este possa solicitar, bem como a cooperar com o Comitê Independente Especial em todos os aspectos.

5.5.     Diante da instalação do Comitê Independente Especial, e conforme previsto em seu Regimento Interno, ratificar a eleição das seguintes pessoas como membros do Comitê Independente Especial, conforme respectivos termos de posse arquivados na sede da Companhia, e tendo sido satisfeitos os critérios de independência constantes do Regimento Interno:

(a)     **Jonathan Seth Zinman**, americano, casado, administrador, portador do passaporte nº 549890846, com endereço comercial no município de Barueri, Estado de São Paulo, na Avenida Marcos Penteado de Ulhôa Rodrigues, nº 939, 8º andar, Edifício Jatobá, Condomínio Castelo Branco Office Park, Tamboré, CEP 06460-040, para o cargo de Presidente do Comitê Independente Especial;

(b)     **James Jason Grant**, americano, administrador, portador do passaporte nº 544372630, com endereço comercial no município de Barueri, Estado de São Paulo, na Avenida Marcos Penteado de Ulhôa Rodrigues, nº 939, 8º andar, Edifício Jatobá, Condomínio Castelo Branco Office Park, Tamboré, CEP 06460-040, para o cargo de membro do Comitê Independente Especial; e

(c)     **Renata Faber Rocha Ribeiro**, brasileira, casada, administradora, portadora da cédula de identidade RG nº 29.810.675-9 SSP/SP, inscrita no CPF/MF sob o nº 215.671.488-67, com endereço comercial no município de Barueri, Estado de São Paulo, na Avenida Marcos Penteado de Ulhôa Rodrigues, nº 939, 8º andar, Edifício Jatobá, Condomínio Castelo Branco Office Park, Tamboré, CEP 06460-040, para o cargo de membro do Comitê Independente Especial.

**Item (iv) – Celebração de Financiamento Debtor-in-Possession, dos _Restructuring Support Agreements_ e Medidas Correlatas.**

5.6.     Na medida em que aplicável à Companhia, e observada a premissa de que, no julgamento do Conselho de Administração, trata-se de medida a ser implementada no melhor interesse da Companhia, de seus acionistas, de seus credores e de outras partes interessadas, proceder, através das Pessoas Autorizadas, à contratação de Financiamento DIP entre Azul Secured Finance LLP, na qualidade de devedora, os garantidores descritos em tal contrato de financiamento (dentre eles, a Companhia), os credores ou titulares de instrumentos de dívida de tempos em tempos descritos em tal contrato de financiamento ("Credores DIP"), o agente administrativo, agente de garantia e/ou _trustee_ descritos em tal contrato de financiamento (em conjunto, o "Agente DIP"), mediante a celebração de determinado

contrato de financiamento e quaisquer outros instrumentos ou documentos assessórios (em conjunto, o "Contrato DIP"), sujeito à aprovação na forma de ordem provisória e final pelo Tribunal (as "Ordens DIP"), conforme submetidas em nome da Companhia e/ou suas controladas.

5.7.    Para usar e obter os benefícios do Contrato DIP, a Companhia, através das Pessoas Autorizadas, outorgará certas garantias, garantias reais, encargos e fornecerá proteção adequada perante certas partes (*secured parties*) e os Credores DIP para garantir as obrigações assumidas por Azul Secured Finance LLP e pelos respectivos garantidores no Contrato DIP (as "Obrigações DIP").

5.8.    Aprovar que a Companhia, na qualidade de garantidora do Contrato DIP, esteja autorizada a sujeitar-se às obrigações para cumprimento dos critérios de proteção adequada (*adequate protection*) e às Obrigações DIP, nos termos do *Bankruptcy Code*, bem como assuma as obrigações e realize toda e qualquer transação relacionada ou em termos similares aos contemplados no Contrato DIP, incluindo a outorga de garantias reais em relação a seus ativos visando garantir (*secure*) tais obrigações.

5.9.    Aprovar a forma, os termos e as disposições do Contrato DIP, das Ordens DIP e de cada um dos instrumentos relacionados ao Financiamento DIP, incluindo garantias e quaisquer outros contratos, documentos, instrumentos, certidões, petições, declarações, solicitações e outros relacionados ao Contrato DIP dos quais a Companhia é ou será parte (em conjunto com o Contrato DIP e as Ordens DIP, os "Documentos DIP"), conforme autorizado pelas Pessoas Autorizadas que assinarem os Documentos DIP. Ainda, fica aprovado que cada uma das Pessoas Autorizadas, agindo isoladamente ou com uma ou mais Pessoas Autorizadas, nos termos aqui previstos, esteja autorizada, orientada e com poderes para assinar e negociar os Documentos DIP ou outros instrumentos conforme venham a ser razoavelmente solicitados pelo Agente DIP ou pelos Credores DIP, em nome e por conta da Companhia e/ou de suas controladas.

5.10.    Aprovação para que cada uma das Pessoas Autorizadas esteja autorizada e com poderes para, em nome e por conta da Companhia, apresentar ou autorizar o Agente DIP a apresentar quaisquer declarações de financiamento (*financing statements*) do *U.S. Uniform Commercial Code* ("UCC"), quaisquer outros arquivamentos equivalentes, quaisquer arquivamentos relacionados a propriedade intelectual, quaisquer registros ou anotações, quaisquer cessões para constituição de garantias reais ou outros documentos em nome da Companhia ou de qualquer de suas controladas que o Agente DIP considere necessários ou apropriados para a formalização de qualquer garantia constituída nos termos dos Documentos DIP, incluindo qualquer declaração de financiamento do UCC que contenha uma

- 6 -

descrição genérica de garantias, bem como para executar, entregar, registar ou autorizar o registo de hipotecas e instrumentos fiduciários em relação aos ativos imobilizados da Companhia, em cada caso conforme o Agente DIP venha a razoavelmente solicitar.

**5.11.**  Aprovação para que a Companhia, em nome próprio e de suas controladas, esteja autorizada a proceder, através das Pessoas Autorizadas, à celebração de um ou mais instrumentos de suporte à reestruturação (*Restructuring Support Agreements*) com seus credores, incluindo, mas sem limitação os Credores DIP, os quais deverão estabelecer os termos e condições de uma reestruturação abrangente da estrutura de capital da Companhia e de suas subsidiárias a serem implementados no Procedimento *Chapter 11*.

**Item (v) – Contratação de Assessores.**

**5.12.**    Ratificar a autorização para que as Pessoas Autorizadas da Companhia procedam à contratação dos assessores no contexto da submissão ao Procedimento *Chapter 11* pela Companhia e implementação de todos os atos necessários à reestruturação no âmbito do Procedimento *Chapter 11*, incluindo, mas não se limitando, o escritório de advocacia **Davis Polk & Wardwell LLP** como assessor jurídico em assuntos gerais, sob as leis norte-americanas, para representar e aconselhar a Companhia no âmbito do Procedimento *Chapter* 11, para que tais Pessoas Autorizadas, em nome da Companhia, celebrem os acordos de retenção apropriados, paguem honorários em linha com padrões de mercado (inclusive antes e após o arquivamento do Procedimento *Chapter 11*) e, quando necessário, façam com que sejam executados e arquivados pedidos aos tribunais competentes para a manutenção da contratação de tais assessores, todas sujeitas à autorização do Tribunal.

**5.13.**    Sem prejuízo à deliberação acima, autorizar as Pessoas Autorizadas da Companhia para que procedam à contratação de quaisquer outros profissionais, incluindo, mas não se limitando, advogados, contadores, consultores fiscais e agentes para recebimento de intimações e reivindicações (*notice and claims agent*), que sejam necessários para assessorar as Pessoas Autorizadas a fazer com que sejam cumpridas as obrigações da Companhia nos termos do *Bankruptcy Code* e das deliberações aqui previstas.

- 7 -

**Item (vi) – Instruir o Diretor Presidente a nomear procurador da Companhia mediante a outorga dos poderes apropriados para assinatura de documentos e condução das medidas necessárias durante o Procedimento Chapter 11, nos termos do Artigo 25 do Estatuto Social da Companhia.**

**5.14.**    Nos termos do Artigo 25 do Estatuto Social da Companhia, instruir o Diretor Presidente da Companhia a outorgar, em nome da Companhia, procuração ao Sr. **Samuel Aguirre**, canadense, contador, inscrito no CPF/MF sob nº 235.531.988-00, com endereço comercial na Cidade de São Paulo, Estado de São Paulo, na Avenida Presidente Juscelino Kubitschek, nº 1327, 3º andar, Edifício International Plaza II, São Paulo, CEP 04543-011, de modo que sejam a ele concedidos poderes para assinatura e negociação de documentos, bem como desempenhar outras funções relacionadas à reestruturação, no âmbito do Procedimento *Chapter 11* da Companhia e de suas controladas, sob a supervisão do Conselho de Administração e do Comitê Independente Especial (o "Representante de Reestruturação").

**5.15.**    Para os fins do Procedimento *Chapter 11*, e no âmbito da prática dos atos pelo Representante de Reestruturação, conforme procuração a ser a ele outorgada, o Representante de Reestruturação terá a ele atribuído o título de *Chief Restructuring Officer*, de modo que poderá assinar documentos e atos, em nome da Companhia, com tal atribuição.

**Item (vii) – Convocação da Assembleia Geral.**

**5.16.**    Em observância ao Artigo 19, inciso V, do Estatuto Social, e ao disposto no art. 122, parágrafo único da Lei das S.A., a convocação da Assembleia Geral da Companhia, com o objetivo de ratificar a submissão, pela Companhia, ao Procedimento *Chapter 11* perante o Tribunal e as demais deliberações aplicáveis tomadas nesta reunião pelo Conselho de Administração, conforme aplicável, nos termos de edital de convocação e proposta da administração a serem devida e oportunamente publicados e/ou divulgados pela Companhia.

**Item (viii) – Autorização à administração da Companhia para praticar todos os atos necessários à implementação das deliberações descritas nos itens anteriores.**

**5.17.**    Na medida em que a Companhia atue como acionista ou única acionista de qualquer outra sociedade subsidiária ("Controlada"), cada Pessoa Autorizada da Companhia fica individualmente autorizada, com poderes e orientações para, em nome e por conta da Companhia, tomar todas as ações

- 8 -

em nome e por conta de tais Controladas ou a elas relacionadas, nos termos e para os fins previstos nas deliberações aqui aprovadas.

**5.18.**    Autorização para que as Pessoas Autorizadas da Companhia possuam os devidos poderes para, em nome da Companhia:

(a)    implementar e conduzir o Procedimento *Chapter 11* de forma que, em seu respectivo julgamento negocial (*business judgment*), seja suscetível de maximizar a recuperação para as partes interessadas (*stakeholders*) da Companhia e minimizar as obrigações incorridas pela Companhia;

(b)    fazer com que a Companhia celebre, entregue, certifique, arquive, registre e cumpra as obrigações dos acordos, instrumentos, petições, declarações, pedidos de aprovação ou decisões de autoridades governamentais ou reguladoras, certificados ou outros documentos, bem como adotar outras medidas que, no julgamento de tal Pessoa Autorizada, sejam ou se tornem necessárias, adequadas e desejáveis para condução e a conclusão do Procedimento *Chapter 11* de forma satisfatória, incluindo, mas não se limitando, a implementação das matérias aprovadas anteriormente e das transações contempladas nas referidas matérias; e

(c)    alterar, complementar ou de outra forma modificar, de tempos em tempos e conforme necessário à luz da reestruturação, os termos de quaisquer documentos, certificados, instrumentos, acordos ou inscrições decorrentes das matérias aqui aprovadas.

**5.19.**    Ratificar, sob todos os aspectos, todos os atos, ações e transações relacionados aos assuntos previstos nas deliberações acima, praticados em nome e/ou por conta da Companhia e de suas controladas, desde que estejam em conformidade com os termos das aprovações acima, caso tais atos tenham sido praticados anteriormente à presente data.

**6.**    **Encerramento; Lavratura e Leitura da Ata**: Nada mais havendo a ser tratado e inexistindo qualquer outra manifestação, foram os trabalhos suspensos pelo tempo necessário à lavratura de presente ata, que, lida e achada conforme, foi por todos assinada. Mesa: David Gary Neeleman - Presidente; Edson Massuda Sugimoto - Secretário. Membros do Conselho de Administração Presentes: David Gary Neeleman, Sérgio Eraldo de Salles Pinto, Daniella Marques Consentino, José Mario Caprioli dos Santos,

Gilberto de Almeida Peralta, Patrick Wayne Quayle, Renata Faber Rocha Ribeiro, James Jason Grant e Jonathan Seth Zinman.

Barueri, SP, 27 de maio de 2025.

Signed by:
*David Gary Neeleman*
E62249438750AFF...

Assinado por:
*Edson Massuda Sugimoto*
CDBBA91E251B4A8...

_____              _____
David Gary Neeleman                      Edson Massuda Sugimoto
Presidente                               Secretário

**AZUL S.A.**

Companhia Aberta

CNPJ/MF nº 09.305.994/0001-29

NIRE 35.300.361.130

**ANEXO I À ATA DE REUNIÃO DO CONSELHO DE ADMINISTRAÇÃO DA AZUL S.A. DE 27 DE MAIO DE 2025**

**LISTA DE PRESENÇA DOS MEMBROS DO CONSELHO DE ADMINISTRAÇÃO**

| MEMBRO | ASSINATURA |
|---|---|
| **David Gary Neeleman** | _David Gary Neeleman_ |
| **Sérgio Eraldo de Salles Pinto** | _SÉRGIO ERALDO DE SALLES PINTO_ |
| **Gilberto de Almeida Peralta** | _(assinatura)_ |
| **Daniella Marques Consentino** | _(assinatura)_ |
| **Renata Faber Rocha Ribeiro** | _Renata Faber Rocha Ribeiro_ |
| **Patrick Wayne Quayle** | _Patrick Quayle_ |
| **José Mario Caprioli dos Santos** | _Jose Mario Caprioli Dos Santos_ |
| **James Jason Grant** | _James Jason Grant_ |
| **Jonathan Seth Zinman** | _(assinatura)_ |

- 11 -

**Fill in this information to identify the case:**

Debtor name ___Azul S.A., et al.___

United States Bankruptcy Court for the: __Southern District of New York__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **UMB Bank, N.A.** 5910 N Central Expwy, Suite 1900 Dallas, TX 75206 | Attn: Israel Lugo P: +1 (214) 389-5947 F: +1 (214) 336-0526 israel.lugo@umb.com | Bonds | U | $2,595,346,951 | $2,240,520,117 | **$354,826,834** |
| 2 | **Comando Da Aeronautica** Avenida General Justo, 160 Predio E 009 Rio de Janeiro, RJ 20021-130 Brasil | Attn: President Or General Counsel P: +55 (11) 5098-2000 F: +55 (21) 2101-4900 | Trade Debt | U | | | **$189,887,069** |
| 3 | **GE Engine Services Distribution LLC** 1 Neumann Way, Room 111 Customer Product Support Cincinnati, OH 45215 | Attn: Laís Antunes P: +55 (11) 95078-1524 lais.antunes@geaerospace.com | Trade Debt | C/U | | | **$141,717,246** |
| 4 | **Raizen S.A.** Av Afonso Arinos De Melo Franco 222, Blc 2 Sal 321 Rio de Janeiro, RJ 22640-100 Brasil | Attn: Frederico Suano Pacheco De Araujo P: +55 0300 777 5656 shellaviation@raizen.com | Trade Debt | U | | | **$72,054,935** |
| 5 | **Citibank, N.A.** Av. Paulista, 1111 São Paulo, SP 01311-920 Brasil | Attn: Geny Zhao P: +55 (11) 4009-0069 geny.zhao@citi.com | Line of Credit | U | | | **$60,338,789** |
| 6 | **Wilmington Trust SP Services (Dublin) Limited** 3 St. George's Dock, 4th Floor Dublin, D01 X5X0 Ireland | Attn: Aercap C/O Breeda Cunningham P: +353 1 612 5555 aercap@wilmingtontrust.com | Aircraft Notes | U | | | **$38,824,255** |
| 7 | **Air BP Brasil Ltda.** Avenida Das Nacoes Unidas, 12399 Andar 4 Sala43 E 44 Parte Lado a Sao Paulo, SP 04578-000 Brasil | Attn: Juliana Lamberth (Account Manager) P: +55 (11) 93308-0693 juliana.lamberth@bp.com | Trade Debt | U | | | **$36,276,447** |
| 8 | **ATR Americas Inc** 1715 Nw 84th Ave Doral, FL 33126 | Attn: Christopher Jones P: +1 (571) 203-6900 christopher.jones@atr-aircraft.com | Trade Debt | C/U | | | **$32,750,931** |

Debtor   Azul S.A., et al.
         Name

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Ministerio Da Fazenda** Esplanada Dos Ministerios Bloco P 5.andar Brasilia, DF 70048-900 Brasil | Attn: President Or General Counsel P: +55 (21) 2334-4300 gabinete.ministro@fazenda.gov.br | Taxes | C/U/D | | | **$22,947,031** |
| 10 | **GE Celma Ltda.** Rua Luiz Winter, 381, #393 Petropolis, RJ 25665-431 Brasil | Attn: Ricardo Amaro P: + 55 (24) 98136 1942 ricardo.amaro@geaerospace.com | Trade Debt | C/U | | | **$21,690,792** |
| 11 | **CFM International Inc** 1 Neumann Way Cincinnati, OH 45215 | Attn: Armand Luzi P: +1 (513) 552-3272 armand.luzi@ge.com | Trade Debt | C/U | | | **$19,731,683** |
| 12 | **Embraer Aircraft Customer Services** 276 Sw 34th St Fort Lauderdale, FL 33315 | Attn: President Or General Counsel P: +1 (954) 359-3700 | Trade Debt | | | | **$18,990,362** |
| 13 | **RRPF Engine Leasing Limited** 1 Brewer's Green London, SW1H 0RH United Kingdom | Attn: Bobby Janagan P: +44(0)7966 878224 bobby.janagan@rolls-royce.com | Engine Financing | C/U | | | **$17,348,780** |
| 14 | **Embraer S.A.** Rod. Floriano Rodrigues Pinheiro 333, Galpao F 41 Taubate, SP 12045-000 Brasil | Attn: Denis Esteves P: +55 (12) 98157-0609 denis.esteves@embraer.com.br | Trade Debt | | | | **$17,313,221** |
| 15 | **PK AirFinance S.a.r.l.** 1370 Avenue of the Americas 32nd Floor New York, NY 10019 | Attn: Guillaume Degemard gdegemard@apollo.com | Engine Financing | C/U | | | **$14,838,171** |
| 16 | **NAC Aviation 17 Limited** Bedford Place - Henry St, 5th Floor Limerick, V94 K6YY United Kingdom | Attn: President Or General Counsel P: +353 61 432 400 | Promissory Notes | U | | | **$13,875,189** |
| 17 | **Navitaire Inc** 333 S Seventh St, Suite 1700 Minneapolis, MN 55402 | Attn: Grody Evans P: +1 (612) 317-7000 gordy.evans@navitaire.com | Trade Debt | C | | | **$11,760,679** |
| 18 | **Wells Fargo Bank Northwest, N.A.** 260 N Charles Lindbergh Dr Salt Lake City, UT 84116 | Attn: Val Orton P: +1 (801) 246-5053 val.t.orton@wellsfargo.com | Equipment Leasing | C/U | | | **$11,325,838** |
| 19 | **Sky High L Leasing Company Limi** 2 Grand Canal Sq Dublin, D02 A342 Ireland | Attn: Icbc Aviation Leasing C/O Catherine Kearns P: +353 01 874-3050 ckearns@skyleasing.com | Trade Debt | C/U | | | **$9,282,055** |
| 20 | **Bank of Utah** 200 E South Temple, Suite 210 Salt Lake City, UT 84111 | Attn: President Or General Counsel P: +1 801 924-3690 aercap@bankofutah.com | Trade Debt | C/U | | | **$7,347,921** |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **Mapfre Seguros Gerais S.A.** Avenida Das Nacoes Unidas, 14261 Andar 17 Ao 21 Ala a Sao Paulo, SP 04794-000 Brasil | Attn: President Or General Counsel P: +55 0800 775 4545 | Trade Debt | C/U | | | **$6,838,103** |
| 22 | **Wilmington Trust Company** 1100 N Market St Wilmington, DE 19890 | Attn: Azorra C/O Adam Vogelsong P: +1 (302) 651-1000 avogelsong@wilmingtontrust.com | Trade Debt | C/U | | | **$6,312,122** |
| 23 | **Sky High Leasing Company Limited** 2 Grand Canal Square Grand Canal Harbour Dublin, D02 A342 Ireland | Attn: Catherine Kearns P: +353 01 874-3050 ckearns@skyleasing.com | Aircraft Notes | C/U | | | **$6,041,768** |
| 24 | **Pratt E Whitney Engine Leasing LLC** 400 Main St Hartford, CT 06118-3811 | Attn: General Manager gppwengineleasing@prattwhitney.com | Trade Debt | C | | | **$5,946,643** |
| 25 | **ATR Avions De Transport Regional** 1 Allee Pierre Nadot Blagnac, Occitania 31700 France | Attn: Rahul Domergue P: +33 (0)5 62 61 21 rahul.domergue@atr-aircraft.com | Trade Debt | | | | **$5,328,366** |
| 26 | **Rolls Royce PLC Engine Overhaul Services** Wilmore Rd, Gate 9 Derby, Leicestershire DE24 8DX United Kingdom | Attn: Julio Grande P: +55 (11) 99604-0759 julio.grande@rolls-royce.com | Trade Debt | | | | **$5,327,151** |
| 27 | **SFV Aircraft Holdings IRE 12 DAC** 32 Molesworth St Dublin, D02 Y512 Ireland | Attn: Catherine Kearns P: +353 01 874-3050 ckearns@skyleasing.com | Trade Debt | C/U | | | **$4,760,655** |
| 28 | **Airbus Americas CUST Serv Inc** 21780 Filigree Court Ashburn, VA 20147 | Attn: President Or General Counsel P: +1 (703) 724-1836 | Trade Debt | | | | **$4,461,015** |
| 29 | **SFV Aircraft Holdings IRE 11 DAC** 32 Molesworth St Dublin, D02 Y512 Ireland | Attn: Catherine Kearns P: +353 01 874-3050 ckearns@skyleasing.com | Trade Debt | C/U | | | **$4,174,861** |
| 30 | **Panasonic Avionics Corporation** 3347 Michelson Dr, Suite 100 Irvine, CA 92612 | Attn: Raphael Marinho P: +1 (949) 672-2000 raphael.marinho@panasonic.aero | Trade Debt | C/U | | | **$3,530,597** |

**Fill in this information to identify the case and this filing:**

Debtor Name <u>Azul S.A.</u>

United States Bankruptcy Court for the: <u>Southern</u>          District of <u>New York</u>
                                                                                          (State)

Case number (*If known*):        _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration <u>Corporate Ownership Statement</u>_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>05 / 28 /2025</u>          ✘  /s/ Samuel Aguirre_____
                   MM / DD / YYYY                   Signature of individual signing on behalf of debtor

                                                    Samuel Aguirre_____
                                                    Printed name

                                                    Chief Restructuring Officer_____
                                                    Position or relationship to debtor