**Presentment Date:**    September 3, 2025 at 12:00 p.m.[1]
                                    **Objection Deadline:**    September 2, 2025 at 4:00 p.m.

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Timothy Graulich
Joshua Y. Sturm
Jarret Erickson
Richard J. Steinberg

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AZUL S.A., *et al.*, | Case No. 25-11176 (SHL) |
| Debtors.[2] | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER**
**BETWEEN THE DEBTORS AND BANCO DO BRASIL S.A.**

       **PLEASE TAKE NOTICE** that on May 28, 2025 (the "**Petition Date**"), Azul S.A. and its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**"), each filed a voluntary petition (collectively, the "**Chapter 11 Cases**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

---

[1] All times herein are expressed in prevailing Eastern Time.

[2] The debtors and debtors in possession in the chapter 11 cases, along with the last four digits of their respective tax, or employer identification, and Delaware file numbers (as applicable), are as follows: Azul S.A. (CNPJ: 5.994); Azul Linhas Aéreas Brasileiras S.A. (CNPJ: 6.295); IntelAzul S.A. (CNPJ: 8.624); ATS Viagens e Turismo Ltda. (CNPJ: 3.213); Azul Secured Finance II LLP (EIN: 2619); Azul Secured Finance LLP (EIN: 9978); Canela Investments (EIN: 4987); Azul Investments LLP (EIN: 2977); Azul Finance LLC (EIN: 2283); Azul Finance 2 LLC (EIN: 4898); Blue Sabia LLC (EIN: 4187); Azul SOL LLC (EIN: 0525); Azul Saira LLC (EIN: 8801); Azul Conecta Ltda. (CNPJ: 3.318); Cruzeiro Participações S.A. (CNPJ: 7.497); ATSVP – Viagens Portugal, Unipessoal LDA. (NIF: 2968); Azul IP Cayman Holdco Ltd. (N/A); Azul IP Cayman Ltd. (N/A); Canela Turbo Three LLC (EIN: 4043); and Canela 336 LLC (Del. File No.: 6717).  The Debtors' corporate headquarters is located at Avenida Marcos Penteado de Ulhôa Rodrigues, nº 939, 8º floor, Edifício Jatobá, Condomínio Castelo Branco Office Park, Tamboré, 06460-040, Barueri, São Paulo, Brazil.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will present the *Stipulation and Order between the Debtors and Banco do Brasil S.A.* (the "**Stipulation and Order**"), a copy of which is attached hereto as **Exhibit A**, to the Honorable Sean H. Lane, United States Bankruptcy Judge, for approval and signature, on **September 3, 2025 at 12:00 p.m.** (the "**Presentment Date**").

**PLEASE TAKE FURTHER NOTICE** that the Debtors have provided the Stipulation and Order to counsel to the Secured Ad Hoc Group,[3] counsel to the Official Committee of Unsecured Creditors, the Office of the United States Trustee for the Southern District of New York, and such parties have informed the Debtors that they do not object to entry of the Stipulation and Order by the Court.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to entry of the Stipulation and Order shall be: (a) in writing; (b) filed electronically with the Court no later than **September 2, 2025 at 4:00 p.m.** (the "**Objection Deadline**"); and (c) served in accordance with the *Amended Final Order Implementing Certain Notice and Case Management Procedures* [ECF No. 380] (the "**Case Management Order**").

**PLEASE TAKE FURTHER NOTICE** that, if no written objections are timely filed and served by the Objection Deadline, the Debtors shall submit the Stipulation and Order to the Court on the Presentment Date, which the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely and properly filed and served, the Court will notify the Debtors and the objecting party[ies] of the date and time of the hearing and the Debtors will notify all other parties entitled to receive notice, in each case, in accordance with the Case Management Order. If a written objection is timely and properly filed and served, the Debtors and the objecting party[ies] are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation and Order and any other document filed publicly in the above-captioned proceedings are available free of charge at https://cases.stretto.com/Azul.

[*Remainder of page intentionally left blank*]

---

[3] "**Secured Ad Hoc Group**" shall have the meaning ascribed to such term in the *Verified Statement of the Ad Hoc Group of Azul Secured Creditors Pursuant to Fed. R. Bankr. P. 2019* [ECF No. 476].

Dated: August 27, 2025
       New York, New York

DAVIS POLK & WARDWELL LLP

/s/ Timothy Graulich
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Timothy Graulich
Joshua Y. Sturm
Jarret Erickson
Richard J. Steinberg

*Counsel to the Debtors
and Debtors in Possession*

## Exhibit A

**Stipulation and Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **AZUL S.A.**, *et al.*, | Case No. 25-11176 (SHL) |
| Debtors. [1] | (Jointly Administered) |

**STIPULATION AND ORDER**
**BETWEEN THE DEBTORS AND BANCO DO BRASIL S.A.**

Azul Linhas Aéreas Brasileiras S.A. ("**ALAB**") and its affiliates that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and Banco do Brasil S.A. ("**BdoB**" and, together with the Debtors, the "**Parties**"), hereby enter into this stipulation (the "**Stipulation**"), effective as of August 27, 2025 (the "**Stipulation Effective Date**"), as follows:

**Recitals**

A.    On May 28, 2025 (the "**Petition Date**"), each of the Debtors filed a voluntary petition (collectively, the "**Chapter 11 Cases**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

---

[1] The debtors and debtors in possession in the chapter 11 cases, along with the last four digits of their respective tax, employer identification, or Delaware file numbers (as applicable), are as follows: Azul S.A. (CNPJ: 5.994); Azul Linhas Aéreas Brasileiras S.A. (CNPJ: 6.295); IntelAzul S.A. (CNPJ: 8.624); ATS Viagens e Turismo Ltda. (CNPJ: 3.213); Azul Secured Finance II LLP (EIN: 2619); Azul Secured Finance LLP (EIN: 9978); Canela Investments (EIN: 4987); Azul Investments LLP (EIN: 2977); Azul Finance LLC (EIN: 2283); Azul Finance 2 LLC (EIN: 4898); Blue Sabia LLC (EIN: 4187); Azul SOL LLC (EIN: 0525); Azul Saira LLC (EIN: 8801); Azul Conecta Ltda. (CNPJ: 3.318); Cruzeiro Participações S.A. (CNPJ: 7.497); ATSVP – Viagens Portugal, Unipessoal LDA. (NIF: 2968); Azul IP Cayman Holdco Ltd. (N/A); Azul IP Cayman Ltd. (N/A); Canela Turbo Three LLC (EIN: 4043); and Canela 336 LLC (Del. File No.: 6717). The Debtors' corporate headquarters is located at Avenida Marcos Penteado de Ulhôa Rodrigues, nº 939, 8º floor, Edifício Jatobá, Condomínio Castelo Branco Office Park, Tamboré, 06460-040, Barueri, São Paulo, Brazil.

1

The Debentures

B.     ALAB issued certain debt securities in the Brazilian capital markets, including (i) on June 11, 2018, the ninth issuance of simple, nonconvertible secured debentures, with additional security interest and guarantees, in an aggregate principal amount of USD 88.5 million (as amended, the "**9th Debentures**"), and (ii) on December 13, 2018, the tenth issuance of simple, non-convertible secured debentures, with additional security interest and guarantee, in an aggregate principal amount of USD 35.4 million (as amended, the "**10th Debentures**" and, together with the 9th Debentures, the "**Debentures**").[2] BdoB is the sole holder of the Debentures.

C.     As of the Petition Date, the aggregate principal amount owed under the 9th Debentures was BRL 352,197,989.21 (equivalent to USD 61,858,576.16),[3] and the aggregate amount of interest accrued and unpaid was BRL 11,928,139.46 (equivalent to USD 2,095,008.34) (collectively, the "**9th Debentures Claim**"). In accordance with authorization received from the Court,[4] after the Petition Date, ALAB made a payment of (i) BRL 23,491,605.67 (equivalent to USD 4,125,966.99) that was applied to reduce the outstanding principal amount of the 9th Debentures and (ii) BRL 16,242,170.47 (equivalent to USD 2,852,706.63) that was applied to repay the outstanding prepetition interest on the 9th Debentures and to pay additional interest accrued post-petition. Accordingly, as of the Stipulation Effective Date, the amount of the 9th

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Debentures, as applicable.

[3] The exchange rate used in this Stipulation is the exchange rate in effect as of the Petition Date, which the Parties agree is 1 USD to 5.6936 BRL.

[4] *See Interim Order (I) Authorizing the Debtors to Satisfy and Continue Performance in Connection with Certain Lien, Government-Backed Financing, and Litigation Claims, (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers, and (III) Granting Related Relief* [ECF No. 45] and *Final Order (I) Authorizing the Debtors to Satisfy and Continue Performance in Connection with Certain Lien, Government-Backed Financing, and Litigation Claims, (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers, and (III) Granting Related Relief* [ECF No. 204] (collectively, the "**Debentures First Day Orders**").

2

Debentures Claim, exclusive of fees and additional post-petition interest, is BRL 328,706,383.54 (equivalent to USD 57,732,609.16).

D. As of the Petition Date, the aggregate principal amount owed under the 10th Debentures was BRL 140,781,448.45 (equivalent to USD 24,726,262.55), and the aggregate amount of interest accrued and unpaid was BRL 4,767,945.26 (equivalent to USD 837,421.89) (the "**10th Debentures Claim**"). In accordance with the Debentures First Day Orders, after the Petition Date, ALAB made a payment of (i) BRL 9,390,122.42 (equivalent to USD 1,649,241.68) that was applied to reduce the outstanding principal amount of the 10th Debentures and (ii) BRL 6,492,360.35 (equivalent to USD 1,140,290.91) that was applied to repay the outstanding prepetition interest on the 10th Debentures and to pay additional interest accrued post-petition. Accordingly, as of the Stipulation Effective Date, the amount of the 10th Debentures Claim, exclusive of fees and additional post-petition interest, is BRL 131,391,326.03 (equivalent to USD 23,077,020.87).

E. The Debentures are secured by a valid and enforceable first priority fiduciary security right over (through a "fiduciary assignment" to BdoB under Brazilian law of) certain Visa®-branded credit card receivables, together with all proceeds of the Receivables and accounts (the "**Receivables**"). The Debtors acknowledge the validity and priority of the fiduciary assignment of the Receivables.

F. The Debentures share a common collateral package that consists of the Receivables, in an amount of at least the Minimum Amount (as defined below), and the bank account at BdoB in which the proceeds of such Receivables are required to be deposited (the "**Collateral Account**").

3

G. Pursuant to the Debentures, the minimum collateral amount (the "**Minimum Amount**") is defined as the sum, at any time, of one-third of the aggregate outstanding balance of the Debentures.

H. The Debtors, for all legal purposes and in accordance with the risk allocation described in Article 421-A, II, of the *Código Civil Brasileiro*, irrevocably and irreversibly declare and acknowledge that the assets provided as collateral, pursuant to the *Instrumentos Particulares de Escritura da 9ª e 10ª Emissões de Debêntures*, do not constitute capital goods and/or essential assets for its business activities, including for the purposes of the Brazilian Law No. 11.101/05. The Debtors also waive any current or future right to claim or otherwise argue, in or out of court, the essential nature of such assets or any other related argument that may prevent or hinder the enforcement of the collateral.

I. On January 20, 2023, BdoB consented to (i) the release of the funds held in the Collateral Account to the Debtors and (ii) a suspension, until January 31, 2024, of the requirement that the Minimum Amount be held in the Collateral Account (the "**Minimum Collateral Suspension**"). On June 19, 2024, BdoB extended the Minimum Collateral Suspension through and including June 19, 2025; on June 23, 2025, BdoB further extended the Minimum Collateral Suspension through and including July 19, 2025; and, on July 21, 2025, BdoB further extended the Minimum Collateral Suspension through and including August 19, 2025. In addition, BdoB has agreed to a further thirty (30) day extension (from August 19, 2025) of the Minimum Collateral Suspension to allow sufficient time to obtain the Order (as defined below).

Factoring

J.     Prior to the Petition Date, BdoB provided factoring services to the Debtors (the "**Factoring**") with respect to the Receivables in the ordinary course of business pursuant to that certain *Contratos de Cessão e Aquisição de Direitos Creditórios Oriundos de Vendas com Cartões de Crédito* and its amendments (the "**Factoring Agreement**"). Prior to the Petition Date, BdoB performed such Factoring for the Debtors subject to a maximum credit exposure, at any time, of BRL 2.2 billion (the "**Factoring Limit**").

K.     The Debtors agree and acknowledge that the transfer of the Receivables to BdoB pursuant to the Factoring Agreement constitutes a "true sale" of such Receivables under Brazilian law and that, following each transfer of Receivables under the Factoring Agreement, BdoB is the owner of such Receivables.

**NOW, THEREFORE**, in consideration of the mutual promises and covenants contained herein, and other good and valuable consideration, the Parties, intending to be legally bound, stipulate and agree as follows:

1.     Except as set forth herein, the Debentures shall continue in full force and effect.

2.     (a) Each of the 9th Debentures Claim and the 10th Debentures Claim is hereby ALLOWED, (b) BdoB has allowed secured claims in the amount of the 9th Debentures Claim and the 10th Debentures Claim, and (c) BdoB is not required to file any proofs of claim with respect to the 9th Debentures Claim and the 10th Debentures Claim.

3.     Each of the Debentures shall hereby be deemed amended to reflect the Parties' agreement memorialized in this Stipulation, including with respect to the following material terms:

| **Maturity Date** | February 20, 2031 (the "**Maturity Date**")[5] |
|---|---|
| **Interest** | Interest: CDI + 3.0%. |
| | Interest shall be paid on the 20th day of each month following the month of the Stipulation Effective Date until the Maturity Date; *provided*, that, on the 20th day of the month immediately following the month of the Stipulation Effective Date, all accrued and unpaid interest shall be paid. |
| **Amortization Schedule** | The amortization schedule shall be amended as follows: Principal shall be payable in monthly installments equal to the outstanding principal balance of the Debentures (in the aggregate) as of the March 20, 2026 (such date, the "**Initial Payment Date**"), divided by 60 months (i.e., the period (in months) from the Initial Payment Date to the Maturity Date). |
| | Principal shall be paid on the Initial Payment Date and on the 20th day of each month following the month of the Initial Payment Date until the Maturity Date. |
| **Minimum Collateral Suspension** | The Minimum Collateral Suspension shall be extended through the Maturity Date.  Upon an Event of Default of the Debtors, other than an Event of Default arising from the commencement of these Chapter 11 Cases, after providing any required notice to the Debtors in accordance with the terms of the Debentures, BdoB shall have the right to terminate the Minimum Collateral Suspension. |
| **Cash Sweep**[6] | Any applicable Cash Sweep shall be waived from the Stipulation Effective Date through the Maturity Date. |
| **Maintenance / Adjustment of Renumeration**[7] | The Maintenance / Adjustment of Renumeration Provision shall be waived in its entirety and not enforceable from the Stipulation Effective Date to the Maturity Date. |

The Parties agree to take such other and further steps as are reasonably necessary to effectuate

---

[5] This change is only to the *Data de Vencimento* in the Debentures, as set forth in clause 4.7.1 of the Debentures.

[6] As provided in Section 4.22 of the Debentures.

[7] Pursuant to paragraph 9 of the minutes from the general meeting of debenture holders held on December 30, 2024, this "Maintenance / Adjustment of Renumeration" (*MANUTENÇÃO/ALTERAÇÃO DE REMUNERAÇÃO*) provision (the "**Maintenance / Adjustment of Renumeration Provision**") was approved.  The Debentures have not been amended to incorporate the "Maintenance / Adjustment of Renumeration" provision.  For the avoidance of doubt, the Parties hereby agree that the Maintenance / Adjustment of Renumeration Provision shall be waived in its entirety and not enforceable from the Stipulation Effective Date to the Maturity Date.

these amendments.

4. The automatic stay imposed under section 362(a) of the Bankruptcy Code is modified solely to the extent necessary to effectuate all of the terms and provisions of this Stipulation (including, for the avoidance of doubt, for BdoB to terminate the Minimum Collateral Suspension upon the occurrence of an Event of Default of the Debtors in accordance with the terms of this Stipulation).

5. The Parties hereby agree (a) to forbear, from the Stipulation Effective Date until the occurrence of the effective date of a chapter 11 plan in the Chapter 11 Cases (the date of such occurrence, the "**Plan Effective Date**"), from exercising any rights and/or remedies in connection with any Event of Default arising or continuing under the Debentures prior to the Stipulation Effective Date, and (b) that, upon the Plan Effective Date, any Event of Default under the Debentures that may have occurred prior to the Stipulation Effective Date shall be waived. In addition, upon the Plan Effective Date, BdoB agrees to waive any Event of Default with respect to the financial covenant arising or continuing under the Debentures prior to the Plan Effective Date, including the December 31, 2025 financial covenant test.

6. BdoB hereby agrees and commits to continue Factoring until the earlier of (a) three (3) months following the Plan Effective Date and (b) June 30, 2026; *provided*, that, the Factoring Limit from and after the Stipulation Effective Date shall be BRL 1.6 billion.

7. Each of the Parties agrees to cooperate to seek entry of an order by the Court, in form and substance satisfactory to the Parties (which, for the avoidance of doubt, may be in the form of the Court so-ordering this Stipulation), that approves and incorporates the terms and agreements set forth in this Stipulation (the "**Order**"). This Stipulation will not be effective unless and until the Order is entered, but upon entry of the Order, this Stipulation will be deemed effective

as of the Stipulation Effective Date.  If the Order is not entered on or before September 30, 2025, then this Stipulation will be deemed *void ab initio*, and none of the statements or agreements herein will be binding on any of the Parties.

8. Upon entry of the Order, the Debtors shall pay (or reimburse BdoB) the reasonable and documented fees and expenses of Baker & McKenzie LLP, counsel to BdoB ("**Baker McKenzie**"), incurred in connection with the negotiation of this Stipulation; *provided*, that, (a) Baker McKenze shall not be required to provide time entries to support its request for payment of its fees and expenses, and (b) the reasonable and documented fees and expenses payable pursuant to this paragraph 8 shall be subject to a cap of USD 200,000 (the "**Fee Cap**").  Subject to the Fee Cap, the Debtors shall also pay (or reimburse BdoB) the reasonable and documented fees and expenses incurred by Baker McKenzie in connection with its representation of BdoB in the Chapter 11 Cases from and after the Stipulation Effective Date.

9. Any chapter 11 plan proposed or solicited by the Debtors in the Chapter 11 Cases shall not contain any terms that are inconsistent with the terms of this Stipulation.  BdoB shall have no obligation to continue Factoring, and it will be deemed a breach of the Debentures, if a chapter 11 plan is proposed or solicited by the Debtors or confirmed by the Court that (a) modifies or provides treatment of the Debentures in a manner inconsistent with the amendments set forth in this Stipulation or (b) does not reinstate or assume the Factoring Agreement, as amended by this Stipulation.

10. The Parties each declare that their respective decisions in executing this Stipulation are not predicated on or influenced by any declaration or representation of the other Party, except as otherwise expressly provided herein.

11. This Stipulation may be executed in one or more counterparts and by electronic

copy, each of which will be considered effective as an original signature.

*[Remainder of Page Intentionally Left Blank]*

SO ORDERED:

Dated: _____, 2025
       White Plains, New York

                                                                                       THE HONORABLE SEAN H. LANE
                                                                                      UNITED STATES BANKRUPTCY JUDGE

IN WITNESS WHEREOF and in agreement herewith, by and through the undersigned, the Parties have executed and delivered this Stipulation, effective as of the Stipulation Effective Date.

Dated: August 27, 2025

| BAKER & MCKENZIE LLP | DAVIS POLK & WARDWELL LLP |
|---|---|
| */s/ Debra A. Dandeneau* | */s/ Timothy Graulich* |
| Debra A. Dandeneau | Timothy Graulich |
| 452 Fifth Avenue | 450 Lexington Avenue |
| New York, NY 10018 | New York, New York 10017 |
| (212) 626 4875 | (212) 450-4000 |
| debra.dandeneau@bakermckenzie.com | timothy.graulich@davispolk.com |
| *Counsel to Banco do Brasil S.A.* | *Counsel to the Debtors and Debtors in Possession* |

11